# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br>COURTLAND M. GETTEL,<br>　　　　　　　Defendant. | CASE NO. 16cr1099 WQH<br>CASE NO. 17cv2271 WQH<br><br>**ORDER** |

HAYES, Judge:

This matters before the Court are the motions pursuant to 28 U.S.C. § 2255 filed by Defendant (ECF No. 154, 156) and the motion to dismiss for lack of jurisdiction filed by Plaintiff United States (ECF No. 170).

**FACTS**

On October 17, 2017 this Court sentenced Defendant to serve a sentence of 135 months in custody for wire fraud conspiracy in violation of 18 U.S.C. § 1349. (ECF No. 167).[1]

On October 30, 2017, Defendant filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit. (ECF No. 150). Defendant's appeal remains pending.

On November 06, 2017, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 154). Defendant moves the Court to vacate his sentence

---

[1] On January 12, 2018, the Court entered an Amended Judgment in a criminal case adding restitution. (ECF No. 167).

- 1 -

based a claim that he did not fully understand the consequences of his plea and a claim of conflict of interest of his defense counsel.

On November 14, 2017, Defendant filed a second motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 156).

On February 20, 2018, the Plaintiff United States filed a response to the Defendant's motions and a motion to dismiss on the ground that a direct appeal is pending and the Defendant cannot proceed in two court.

## RULING OF THE COURT

Generally, "[a] district court should not entertain a habeas corpus petition while there is an appeal pending." *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987). Only when the defendant proves the existence of "'extraordinary circumstances' [which] outweigh the considerations of administrative convenience and judicial economy" should a district court consider a § 2255 motion during the pendency of a direct appeal. *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981) (court found that the circumstances were extraordinary because the collateral attack alleged newly discovered facts that "[cast] such a dark shadow on a pivotal aspect of the direct appeal ... [and] that the concerns for justice are best served by prompt inquiry either confirming or dispelling the suspicion of irregularity raised"). A pending direct appeal "severely restricts the filing of a collateral claim with the District Court, to avoid any anomaly associated with the simultaneous consideration of the same case by two courts." *Id.* In some instances, the result of the direct appeal will render the collateral claim moot. *See id.*

In this case, Defendant filed a Notice of Appeal thirteen days after the sentencing and a § 2255 motion a week later. Defendant seeks to proceed in two courts to challenge the same judgment. The § 2255 motion challenges the legality of the same sentence currently on appeal to the Court of Appeals for the Ninth Circuit. The circumstances of this case are not extraordinary and this Court will not entertain Defendant's § 2255 motion during the pendency of his direct appeal.

1     IT IS HEREBY ORDERED that motions pursuant to 28 U.S.C. § 2255 filed by Defendant (ECF No. 154, 156) are denied without prejudice to re-file as provided in 28 U.S.C. § 2255(f).

    IT IS FURTHER ORDERED that the motion to dismiss for lack of jurisdiction filed by Plaintiff United States (ECF No. 170) is granted.

    The Clerk of the Court shall provide this Order to the Defendant at 60857298 USP Victorville, P.O. Box 3900, Adelanto, CA 92301.

DATED: May 3, 2018

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge